UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BERT UPSHAW, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 14-2104 (RBW) |
| THOMAS FAUST, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION**

Markisha Streeter has brought this case on behalf of Bert Upshaw and represents that Upshaw, a family member, was taken into custody on August 30, 2014, Petition ("Pet.") ¶ 7, and that, as of December 3, 2014, the United States Parole Commission neither had taken action nor had informed him of the status of his case, *id*. ¶¶ 13-14 (Grounds One and Two).  She is "requesting injunctive relief from custody on Bert Upshaw's behalf on the grounds that the Parole Commission has failed to provide due process required by the 5th Amendment of the Constitution through timely probable cause determination and adequate hearings." *Id*. ¶ 15.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009).  A party has standing for purposes of Article III if her claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal

1

court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Standing may be denied to a litigant who seeks to assert the rights of a third party.  *Navegar*, 103 F.3d at 998.  Here, Ms. Streeter lacks standing to assert the purported denial of rights of Bert Upshaw and, therefore, the petition will be dismissed.  *See Alamo v. Clay*, 137 F.3d 1366, 1369 (D.C. Cir. 1998) (affirming dismissal of habeas petition filed by church seeking its pastor's release from custody "because the injuries alleged by Alamo Church fail to satisfy the well-established requirements for standing under Article III of the U.S. Constitution").  Furthermore, dismissal is warranted because Ms. Streeter does not appear to be an attorney, and there is no basis from which to conclude that she otherwise is competent to bring this action on Upshaw's behalf.  28 U.S.C. § 1654 (2012) ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see Daigle v. Karnes*, No. 10-1264, 2010 WL 3294069, at *1 (D.D.C. Aug. 21, 2010) (denying amended habeas petition filed by lay person on another person's behalf); *see also United States ex. rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 8, 17 (D.D.C. 2003) (noting that "federal courts have consistently rejected attempts at third-party lay representation") (citing *Herrera-Venegas v. Sanchez-Rivera*, 681 F. 2d 41, 42 (1st Cir. 1982)).

      An Order accompanies this Memorandum Opinion.

/s/
REGGIE B. WALTON
United States District Judge